# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE           :      I.D. No. 1405012220

                                  :      In and for Kent County

        v.                :

                                  :      RK14-05-0586-01

MARVIN D. SPADY,          :      Drug Dealing (F)

                                  :

        Defendant.        :

## ORDER

Submitted: May 6, 2019
Decided: May 30, 2019

On this 30th day of May 2019, upon consideration of Marvin Spady's ("Mr. Spady's") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. Mr. Spady pled no contest on January 6, 2016, to one count of Drug Dealing, 16 *Del. C.* § 4753(2). He faced three additional counts of Drug Dealing, two counts of Conspiracy Second Degree, one count of Possession of Marijuana, and one count of Possession of Drug Paraphernalia. Mr. Spady faced the possibility of life in prison as an habitual offender had he gone to trial and been found guilty on all counts. The State entered *Nolle prosequis* on the additional charges in exchange for Mr. Spady's plea.

2. On January 6, 2016, the Court sentenced Mr. Spady to eight years incarceration at Level V, suspended after three years at Level V incarceration, effective May 16, 2014, followed by one year supervision at Level III.

3. Mr. Spady did not appeal his conviction or sentence to the Delaware Supreme Court. Instead, on July 26, 2016, he filed a *pro se* Motion for Postconviction Relief pursuant to Rule 61 alleging, in part, ineffective assistance of counsel.

4. A briefing schedule was established and Mr. Spady's former counsel and the

State filed their responses. Mr. Spady filed replies to the former counsel's affidavit as well as the State's response. While the matter was in briefing, Mr. Spady was released from incarceration and began serving the probationary portion of his sentence. Mr. Spady was later found in violation of his probation three times. While the various violation of probation hearings were pending, the Commissioner stayed Mr. Spady's motion for postconviction relief. On October 24, 2018, at his final violation of probation hearing, Mr. Spady was discharged from his probation and the postconviction motion was processed for decision by the Court staff.

5. On November 28, 2018, the Commissioner filed her Report and Recommendation to deny Mr. Spady's Rule 61 Motion. He filed no exceptions to the Report and Recommendation.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated November 28, 2018;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly, Mr. Spady's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark
Judge

2

# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | ID. No. 1405012220 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK14-05-0586-01 |
| MARVIN D. SPADY, | ) | Drug Deal (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Gregory R. Babowal, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Marvin D. Spady, *Pro se*.

FREUD, Commissioner
November 28, 2018

The defendant, Marvin D. Spady ("Spady"), pled no contest on January 6, 2016, to one count of Drug Dealing, 16 *Del. C.* § 4753(2). He was also facing three additional counts of Drug Dealing, two counts of Conspiracy Second Degree, one count of Possession of Marijuana, and one count of Possession of Drug Paraphernalia. Spady faced the possibility of life in prison as an habitual offender had he gone to trial and been found guilty of all the counts against him. *Nolle prosequis* were entered by the State on the additional charges in exchange for Spady's plea. On January 6, 2016, the

Court sentenced Spady to eight years incarceration at Level V, suspended after three years at Level V incarceration effective May 16, 2014, followed by one year supervision at Level III. Spady did not appeal his conviction or sentence to the State Supreme Court instead on July 26, 2016, Spady filed a *pro se* Motion for Postconviction Relief pursuant to Rule 61 alleging, in part, ineffective assistance of counsel.

A briefing schedule was established and Spady's former counsel and the State filed responses to his motion. Also Spady filed replies to the former counsel's affidavit and the State's response. While the matter was in briefing Spady was released from incarceration and began serving the probationary portion of his sentence. Probation did not go well for Spady and he was found in violation of his probation three times. While the various violation of probation hearings were pending, Spady's motion for postconviction relief was stayed. Finally on October 24, 2018 at his final violation of probation hearing, Spady was discharged from his probation and the postconviction motion was processed for decision by the Court staff.

## FACTS

The charges stem from a search conducted at the Traveler's Inn Motel in Milford, Delaware. The Milford Police Department obtained a search warrant after using an informant to make controlled purchases at the motel. Spady and codefendant Jennifer M. Sparacio were located inside the room of the Traveler's Inn. Police found 3.5 grams of heroin, $1,737.00 in a bundle, and a bag containing a digital scale and plastic baggies. Police also searched a vehicle which was known to be operated by Spady.

Marijuana (0.6 grams) was found inside the vehicle.[1]

**SPADY'S CONTENTIONS**

In his motion, Spady raises the following grounds for relief:

| | |
|---|---|
| Ground one: | Denied right to a fair trial. The Courts by and through Judge Clark at evidentiary hearing allowed evidence and information to the use of the first informant whom was suppressed in order by Judge Witham. |
| Ground two: | Denied Due Process/Prosecutorial Misconduct. The Courts improperly permitted the State to be able to introduce search warrant by denying Motion in Limine. On Oct 12, 2015 the Court issued an Order suppressing all evidence related to use of first informant in the investigation. |
| Ground three: | Violation of Due Process 5th, 6th, 14th Amend. US/Del. Const. Prosecutorial Misconduct. The courts and prosecution illegally introduce evidence of first informant, switched the Judge, and gave def another Judge whom was not familiar with case. Judge Witham stated on Oct. 7, 2015 the case was to stay with him. |
| Ground four: | Brady Violation. In order dated 10-12-15 at time the Order of 10-24-14 identity of C.I. the State was aware, that two informants were involved in the case or as part of an underlying criminal activity. The State did not make |

---

[1] *State v. Spady*, Del. Super., ID No. 1405012220, Aff. of Probable Cause, D.I. 1.

the Court aware of a second informant thus the State withheld valuable Brady Material.

Ground five:      Denial of effective assistance of Counsel.
In order dated Oct. 12, 2015 speaking on the Order dated 10-24-14 Identity of C.I. Defense counsel for Spady was in possession of a police report that referenced two informant and thus was also aware that two informants were involved in the case.

Ground six:   Ineffective assistance of counsel.
Had defense counsel reviewed police reports and put in Motion for Identity of all informants in the investigation. When the State which didn't acknowledge the second informant to the court the Judge would've suppressed all informants in the case. Counsel was ineffective by not knowing there was two informants until told by Def. asking him to read police reports and the Judge informing him the eve before trial that him & the State knew for over a year or didn't know about second informant. See all Police reports CI1 and CI2 were directly involved in transactions which Def was charged with. See Controlled buy report charge on the Def page 2 report date 4-11-14 Complaint #51-14-003791 and see all probable cause for all search warrants refering (sic) to only C.I. 1 and C.I. 2 not an extra C.I. Det Lord in all the investigation only refer to C.I. 1 and C.I. 2.

## DISCUSSION

Under Delaware Law this Court must first determine whether Spady has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider

4

the merits of his postconviction relief claim.[2] Before reaching the procedural bars to relief listed in Rule 61(i), a threshold issue must be addressed. Rule 61(a)(i) "governs the procedure on an application by a person in custody or subject to future custody under a sentence" at the Superior Court.[3] The Delaware Supreme Court has explained that a person loses standing to move for postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence.[4] Clearly since his probation has been discharged, Spady is no longer in custody or subject to future custody under the sentence he is seeking to overturn, therefore he clearly lacks standing to pursue his claim for relief under Rule 61. Thus there is no need to reach the merits of his claim. Nevertheless I will briefly address Spady's motion for the benefit of the Court.

This is Spady's first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be

---

[2] *Bailey v. State,* 588 A.2d 1121, 1127 (Del.1991); *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[3] Super. Ct. Crim. R. 61(a)(i).

[4] *State v. Ruiz,* 956 A.2d 643 (TABLE), 2008 WL 1961187 at *2 (Del. Supr. May 7, 2008), (*citing Pumphrey v. State,* 2007 WL 3087405 at *1 (Del. Supr. Oct. 23, 2007)). *See also State v. Silochan,* 2008 WL 361848 (Del. Super. Feb. 5, 2008) denying postconviction relief under Rule 61 where a defendant claimed he was not informed he faced deportation. Defendant was no longer subject to custody and deportation was a collateral consequence. Defendant had no standing. *See also Ruiz v. State,* 23 A.3d 866 (TABLE), 2011 WL 2651093 at *2 (Del. Supr. July 6, 2011); *State v. Cammille,* 2014 WL 2538491 at *1 (Del. Super. June 3, 2014); *Baltazar v. State,* 108 A.3d 1224 (TABLE), 2015 WL 257334 at *3 (Del. Supr. Jan. 20, 2015); *State v. Jackson,* 2016 WL 7076990 at *1 (Del. Super. Dec. 5, 2016).

presented in initial Rule 61 motion, are met. None of Spady's claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Only Spady's fifth and sixth claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier. Spady's remaining claims are clearly barred due to his failure to have raised them earlier.

At this point, Rule 61(i)(3) does not bar relief as to Spady's fifth and sixth grounds for relief, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Spady must meet the two-prong test of *Strickland v. Washington*.[5] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[6] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[7] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective

---

[5] 466 U.S. 668 (1984).

[6] *Id.* at 687.

[7] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[8] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[9] This standard is highly demanding.[10] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[11]

Following a complete review of the record in this matter, it is abundantly clear that Spady has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit in conjunction with the record, more credible that Spady's self-serving claims that his counsel's representation was ineffective. Spady's counsel clearly denies the allegations.

As noted, Spady was facing the possibility of life in prison had he been convicted, and the sentence and plea were reasonable under all the circumstances, especially in light of the evidence against him. Prior to the entry of the plea, Spady and his attorney discussed the case. The plea bargain was clearly advantageous to Spady. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Spady entered his no contest plea, he stated he was satisfied with

---

[8] *See e.g., Outten v. State,* 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State,* 1995 WL 466465 at *1 (Del. Supr.)).

[9] *Albury,* 551 A.2d at 59 (citing *Strickland,* 466 U.S. at 689).

[10] *Flamer v. State,* 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison,* 477 U.S. 365, 383 (1986)).

[11] *Strickland,* 466 U.S. at 689.

defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[1] Consequently, Spady has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Spady was somehow deficient, Spady must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[2] In an attempt to show prejudice, Spady simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Spady's grounds for relief are meritless.

To the extent that Spady alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[3] At the guilty-plea hearing, the Court asked Spady whether he understood the nature of the charges, the consequences of his pleading no contest, and whether he was voluntarily pleading no contest. The Court asked Spady if he understood he would waive his constitutional rights if he pled no contest; if he understood each of the constitutional rights listed on

---

[1] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[2] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[3] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Spady if he had discussed the no contest plea and its consequences fully with his attorney. The Court asked Spady if he was entering into the plea as he was convinced that the State had sufficient evidence against him that a reasonable jury could find him guilty. The Court also asked Spady if he was satisfied with this counsel's representation. Spady answered each of these questions affirmatively.[4] I find counsel's representations far more credible than Spady's self-serving, vague allegations.

Furthermore, prior to entering his no contest plea, Spady signed a Guilty Plea Form and Plea Agreement in his own handwriting. Spady's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading no contest and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Spady is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[5] I confidently find that Spady entered his no contest plea knowingly and voluntarily and that Spady's grounds for relief are completely meritless.

## CONCLUSION

I find that Spady lacks standing to have his motion considered at this time because he has been discharged from probation and is no longer subject to the jurisdiction of the Court. I also conclude that Spady's counsel represented him in a

---

[4] *State v. Spady*, Del. Super., ID No. 140501220 (Jan. 6, 2016) Tr. at 4-10.

[5] *Sommerville* 703 A.2d at 632.

competent and effective manner and that Spady has failed to demonstrate any prejudice stemming from the representation. Additionally, I find that Spady's guilty plea was entered knowingly and voluntarily. For these reasons I recommend that the Court ***deny*** Spady's motion for postconviction relief as *moot,* procedurally barred, and completely meritless pursuant to Superior Court Criminal Rule 61(a)(1) and 61(i)(3).


/s/Andrea M. Freud
Commissioner


AMF/dsc